FIRST NAT. BANK OF UNION MILLS *v.* CLARK.

*(Supreme Court, General Term, Fifth Department.* June, 1888.)

EVIDENCE—OPINION EVIDENCE—WHAT IS.

Where a person, having made a deposit with defendant, delivered the certificate of deposit to plaintiff, together with a check drawn by him on defendant for the same amount, but not against any particular fund, it is improper, in an action to recover the amount, to allow the question to plaintiff's cashier, "What did you discount,—the claim or the check?" such question calling for an opinion upon one of the issues in the cause.

Appeal from circuit court, Allegany county.

The facts as stated in the report of the former appeal, (42 Hun, 16,) referred to in the opinion, were as follows: "Defendant was a private or individual banker at Scio, N. Y. The evidence tends to prove that on the 5th day of December, 1882, Sliney & Whalen indorsed and presented a note made by Knox Bros. for $3,500, to the defendant's bank for discount, and that it was there discounted, with the oral understanding that the proceeds should not be paid until the 15th of the month, and thereupon the defendant's cashier gave to Sliney & Whalen a deposit check or certificate in the following form: 'Deposited by Sliney & Whalen with Judson H. Clark, banker, Scio, N. Y., December 5, 1882, discount, $3,412.50. F. M. BABCOCK.' That, on the same day, this deposit check was delivered by Sliney & Whalen to the plaintiff, at its bank, and with it a check drawn by them upon the defendant, payable to their own order, ten days after its date, and indorsed by them for $3,412.50, was also delivered to the plaintiff. That the plaintiff then advanced or paid to them that amount, less interest for thirteen days. That on the 7th December the two checks were inclosed by the plaintiff to the defendant in a letter asking a return in New York exchange, and on the 19th they were returned by the defendant to the plaintiff, with the statement that there were 'no funds to meet it;' and that afterwards defendant refused, on presentation of the checks and on demand, to pay the amount to plaintiff. It also appeared that after the deposit check was made, and prior to the 15th December, Knox Brothers and Sliney & Whalen, failed, and made a general assignment for the benefit of their creditors." At the last trial, judgment was entered on a verdict for plaintiff, from which, and from an order denying a new trial, defendant appealed.

*Rufus Scott,* for appellant. *Ansley & Davie,* for respondent.

DWIGHT, J. The principal questions of law arising in this case were passed upon by this court on a former appeal. See 42 Hun, 16, where the facts are

stated. It was then held, in substance, that, although the deposit slip was not a contract for the payment of money, it was *prima facie* evidence of a deposit of money payable on demand, and therefore *prima facie* evidence of an implied contract to pay the same; that the check on the defendant's bank not being drawn on any particular fund, did not, of itself, operate as an equitable assignment of the claim of the drawer against the drawee, and therefore neither the check, nor the deposit slip, nor both together, constituted a cause of action in favor of the plaintiff against the defendant; but that, if the transaction in which the check was given, and the deposit slip was delivered to the plaintiff by Sliney & Whalen, the alleged depositors of the money, was in fact understood and intended by the parties to the transaction to be a transfer and assignment of the claim and demand of Sliney & Whalen against the defendant for the moneys mentioned in the deposit slip, then and in that case the plaintiff took whatever right Sliney & Whalen had to the money in question. The court also held, at that time, that it was a proper question for the jury whether the note of Knox Bros. was actually discounted by the defendant at the time it was offered to him and left with his cashier, it being agreed that the avails should not be subject to draft until after 10 days, or whether the note was simply received for safe keeping, the question of discounting it being reserved until a later day. The law being thus declared, and the two questions of fact, thus defined, having been submitted to the jury on the second trial, the verdict must be conclusive, for the purposes of this review, unless material error has been committed in the reception of evidence, or in the submission of the case to the jury. We think such error was committed in the ruling of the court on the objection of the defendant to the question put to the witness Sill, the plaintiff's cashier: "What did you discount,—the claim or the check?" The question called, not for a fact, but for a conclusion from the facts. It put the witness, in the place of the jury. It called upon him to declare the result and effect of the acts and declarations of the parties to the transaction which was the subject of the inquiry. It was a question which could be answered only by the verdict. Sliney, Grierson, and Sill testified to the details of the transaction. It was for the jury alone to declare from that evidence what the transaction really was,—whether in fact Sill cashed the check of Sliney & Whalen as he cashed other checks on other banks, and took the deposit slips as evidence that the drawer had funds with the drawee, or whether he did in fact pay for and take an oral assignment of a claim or cause of action outside of and behind the papers which he received at the time. This, as we have seen, was one of the cardinal questions in the case, and one which no witness could be permitted to decide. The rule under which such a question is condemned is one of the most elementary of the rules of evidence, and it would be difficult to conceive a case in which it could have clearer application than in the case in hand. The objection to this question, though general, was sufficient. It could not have been obviated except by the withdrawal of the question. For this error the judgment must be reversed, and a new trial granted, with costs to abide the event.

All concur.